**Judy LANCOR et al.,
Plaintiffs, Appellants,**

v.

**LEBANON HOUSING AUTHORITY et al., Defendants, Appellees.**

No. 84–1543.

United States Court of Appeals,
First Circuit.

Heard Oct. 4, 1984.
Decided April 17, 1985.

Shelly A. Simpson, Claremont, N.H., Michael A. Fuerst, Claremont, N.H. on brief), for plaintiffs, appellants.

Patrick T. Hayes, Lebanon, N.H., for defendants, appellees.

Before CAMPBELL, Chief Judge, ALDRICH and TIMBERS * Senior Circuit Judges.

* Of the Second Circuit, sitting by designation.

## MEMORANDUM AND ORDER

On December 14, 1984, this Court vacated an order entered in the District of New Hampshire on June 13, 1984 denying appellants' motion for a preliminary injunction. Pursuant to this Court's December 14 order, the parties have submitted a stipulation of facts upon which they were able to agree. The parties also have submitted, as the order indicated they might, additional offers of proof and supplemental briefs in support of their respective positions. Based on the foregoing and for the reasons stated below, we hold that appellants (hereinafter "appellant" since Judy Lancor is the only appellant before us) are entitled to a preliminary injunction.

The standard in this Circuit for injunctive relief requires appellant to demonstrate: (1) irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on appellee; (3) a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *Auburn News Co., Inc. v. Providence Journal Co.*, 659 F.2d 273, 277 (1st Cir.1981). Of these four factors, the probability-of-success component in the past has been regarded by us as critical in determining the propriety of injunctive relief. *See, e.g., Planned Parenthood League .v. Bellotti*, 641 F.2d 1006, 1009–22 (1st Cir.1981).

The underlying dispute in the instant case relates to appellant's admitted violation of paragraph 6c in appellee's lease which in relevant part provides that "[p]ermission from management in writing shall be required in the case of overnight guests...." Appellant claims that this provision violates her rights under the federal housing law as well as the First and Fourteenth Amendments to the United States Constitution. Appellee claims that the provision is necessary for it to fulfill its mandate to provide safe, decent housing and to keep track of occupancy and eligibility in public housing.

Regulations of the Department of Housing and Urban Development state that a "lease shall provide that the tenant shall have the right to exclusive use and occupancy of the leased premises *which shall include reasonable accommodation of the tenant's guests or visitors ....*" 24 C.F.R. § 966.4(d) (1984) (formerly 24 C.F.R. § 866.4(d)) (emphasis added). The regulations also state that tenants are obligated to "abide by the *necessary* and *reasonable* regulations promulgated by the PHA (public housing agency) for the benefit and well-being of the housing project...." 24 C.F.R. § 966.4(f)(4) (1984) (formerly 24 C.F.R. § 866.4(f)(4)) (emphasis added).

■ Under the circumstances of this case, a regulation which requires a tenant to obtain the management's prior written approval of *every* overnight guest, and allows the management unfettered discretion to approve or disapprove the tenant's request, strikes us as neither necessary nor reasonable. This regulation also cannot be said to provide for the reasonable accommodation of a tenant's guests or visitors. Both parties agree that other similarly situated municipal housing authorities in New Hampshire only require a tenant to obtain the management's permission for guest stays of longer than two weeks. Without determining the validity of such regulations, and contrary to appellee's contention, obviously a two week grace period is significantly less intrusive upon the personal lives of tenants, than is appellee's regulation. Appellee has not demonstrated to our satisfaction why it alone must require such a stringent regulation in order to maintain control over its tenants.

Appellant's challenge to appellee's regulation based on First Amendment associational rights and a constitutional right to privacy is one for which there is no authority in this Circuit. We expressly decline the invitation to decide the merits of these constitutional claims at this time. One reason we decline to do so is that the HUD regulations referred to above so clearly support appellant's position that it is neither neces-sary nor appropriate for us to reach the constitutional claims.

We do note that the Second Circuit has held that a similar regulation impinged on a tenant's constitutional rights of privacy and association. *McKenna v. Peekskill Housing Authority*, 647 F.2d 332, 335 (2d Cir.1981). While we reserve judgment as to whether, in an appropriate case, we would agree with the constitutional implications which the Second Circuit found in *McKenna*, we do believe that the existence of such authority, even in another circuit, is a weighty factor to be considered on appellant's behalf when evaluating her likelihood of success on the merits.

■ We hold that appellant has sufficiently sustained her burden of satisfying the probability-of-success component of the test for a preliminary injunction. Furthermore, we hold that the harm to appellant of imminent eviction from her home of eight years in the absence of injunctive relief outweighs the minimal harm to appellee which will result from a preliminary injunction. We find totally unpersuasive appellee's suggestion that the grant of injunctive relief in this case will force it to lose all credibility with the tenants and, therefore, diminish its ability effectively to maintain control of the housing project. Since the balance of harm tips decidedly in appellant's favor, our determination that appellant has provided enough support to sustain her burden of showing a likelihood of success on the merits militates in favor of granting a preliminary injunction. *Auburn News, supra*, 659 F.2d at 276; *United States v. Bedford Associates*, 618 F.2d 904, 912 n. 15 (2d Cir.1980). Accordingly, it is

ORDERED, ADJUDGED AND DECREED as follows:

(1) That this case be, and the same hereby is, remanded to the district court with instructions to enter, not later than ten (10) days from the date of this Order, a preliminary injunction on appellant's behalf enjoining appellee from taking any action toward evicting appellant from her apart-

ment pending a determination of the merits of her action challenging paragraph 6c of appellee's lease; and

(2) That paragraph (6) of our order of December 14, 1984 is incorporated herein and is hereby reconfirmed.