In the Matter of ELECTRONIC THEATRE RESTAURANTS CORPORATION, Debtor.

Morris GLASSMAN, Individually and on behalf of all others similarly situated, Appellant,

v.

ELECTRONIC THEATRE RESTAURANTS CORPORATION Debtor-in-Possession A–297, Appellee.

Bankruptcy No. C85–150.

United States District Court, N.D. Ohio, E.D.

May 22, 1985.

---

Norman Buckvar McCarthy, Lebit, Crystal, Kleinman & Haiman Cleveland, Ohio, Nicholas E. Chimicles, E. Stirling Lathrop, III, Greenfield & Chimicles, Haverford, Pa., for appellant.

Robert H. Levin, Adelman Lavine, Krasny, Gold & Levin, Philadelphia, Pa., Gail E. Sindell, John E. Martindale, Howard L. Sokolsky, H. Jeffrey Schwartzberg, Be-

nesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for appellee.

## ORDER OF REVERSAL

KRENZLER, District Judge.

This is an appeal from a Bankruptcy Court order which, pursuant to 11 U.S.C. § 105, stayed proceedings against nondebtor defendants—key personnel of the debtor corporation—in a civil action pending in another federal district court.

Jurisdiction of this Court is based upon 28 U.S.C. §§ 1334 and 157.

Pending before this Court is a motion, filed January 21, 1985, by appellee Electronic Theatre Restaurants Corporation (ETRC), for an order requiring appellant to seek leave to appeal pursuant to Bankruptcy Rule 8003(c).[1] The parties have also submitted briefs, pursuant to Bankruptcy Rule 8009, arguing the merits of the appeal—the propriety of the Bankruptcy Court's order.

The facts relevant to both the motion and the merits are as follows.

ETRC is the debtor-in-possession in a reorganization case instituted in bankruptcy court pursuant to Chapter 11, Title 11, United States Code, on December 6, 1984. By virtue of 11 U.S.C. § 362(a), the commencement of the reorganization case by ETRC triggered an automatic stay of all judicial proceedings against ETRC that were or could have been commenced before the institution of the reorganization case.

At the commencement of ETRC's reorganization, a civil class action was pending in the federal district court for the Eastern District of Pennsylvania against ETRC and several other defendants, including four of ETRC's former directors. The class action asserts claims under the federal securities laws arising from ETRC's initial public offering of common stock in September 1982. Morris Glassman, appellant herein, is representative of the plaintiff class in that case.

On December 14, 1984, ETRC instituted an "adversary proceeding" in the bankruptcy court seeking a temporary restraining order (TRO), preliminary injunction, and permanent injunction against the plaintiffs in the class action. ETRC sought to restrain the plaintiffs in the class action from proceeding against all the defendants during the pendency of the reorganization case.

The bankruptcy court entered a TRO on December 14, 1984. On December 18, 1984, the bankruptcy court held a hearing on the motion for preliminary injunction. As a result of that hearing, the Bankruptcy Court issued an order denying the preliminary injunction, but extending for six months the protection of the automatic stay of 11 U.S.C. § 362 to Edwin Roth, one of ETRC's present directors, and Andrew Nicol, ETRC's chief financial officer, both of whom were named defendants in the class action.

It is this order from which appellants appeal.

Two issues are presented before this Court. The first is whether the order appealed from is appealable as a matter of right, or whether leave must be sought to pursue the appeal. Assuming appeal is properly taken, or leave to appeal granted, the second issue is whether the extension of the stay to two nondebtor parties was an improper exercise of discretion under 11 U.S.C. § 105. This Court will address these issues seriatim.

The Bankruptcy Rules provide that appeals from final orders are a matter of right; appeals from interlocutory orders are discretionary with the district court. Bankruptcy Rule 8001(a) and (b). Appeals from final orders are initiated by the filing of a notice of appeal; appeals from interlocutory orders are initiated by filing with the district court a motion for leave to appeal. *Id.* The district court may grant or deny a motion for leave to appeal.

---

**1.** By the same motion, appellee also sought to stay service and filing of briefs contemplated by Bankruptcy Rule 8009. As the parties have both filed their briefs since this request was made, the request has been rendered moot.

Moreover, if the appellant improperly files a notice of appeal when pursuing an appeal from an interlocutory order, the court may treat the notice as a motion for leave to appeal and may grant or deny accordingly. Bankruptcy Rule 8003(c).

■ In the instant case, the order appealed from is an order by a bankruptcy court granting a stay of proceedings against nondebtor defendants in a case pending in a federal district court. Upon consideration of the arguments of the parties and the relevant case law, this Court believes that the order appealed from is in the nature of an injunction, and thus comes within the exception of 28 U.S.C. § 1292(a) to the final order rule.[2] *See Buffler v. Electronic Computer Programming Institute,* 466 F.2d 694 (6th Cir.1972).

■ However, even if this order were properly characterized as an interlocutory order for purposes of Bankruptcy Rules 8001 and 8003, this Court chooses to treat the notice of appeal as a motion for leave to appeal, and grants such leave. Since the parties have already submitted briefs on the merits of the appeal, neither party is prejudiced by this Court's exercise of discretion pursuant to Bankruptcy Rule 8003(c).

The only issue on the merits of this appeal is whether the Bankruptcy Court abused its discretion in granting a six-month stay of proceedings against nondebtor defendants in a district court case when the Bankruptcy Court explicitly found that the debtor, who sought the stay, had failed to meet the criteria necessary for the granting of a preliminary injunction.

In ruling on the motion for preliminary injunction, the Bankruptcy Court addressed each of the criteria which must be established in order for the injunction to be granted. The Bankruptcy Court stated the laws as follows:

In order to prevail on a motion for preliminary injunctive relief, a party must establish four factors (*Landmark Air Fund II v. BancOhio National Bank (In re Landmark Air Fund II),* 19 B.R. 556 (Bankr.N.D.Ohio 1982):

1. a strong or substantial probability of success on the merits;

2. irreparable injury to the movant if the injunction does not issue;

3. the issuance of the preliminary injunction will not cause substantial harm to others;

4. the public interest will best be served by issuing the preliminary injunction.

Each of the four separate criteria is essential to the movant's case and must be shown if he is to support his claim that a preliminary injunction is warranted.

Memorandum and Order at 2–3. The Court then found that the debtor, ETRC, had failed to sustain its burden of showing that the debtor would be irreparably harmed by the civil action proceeding against its codefendants. The Court thus denied the preliminary injunction. The Court went on, however, to hold that under its broad equitable powers granted by 11 U.S.C. § 105, it could do whatever was "necessary and appropriate" to protect the debtor and effectuate the Chapter 11 proceedings. The Court found that it was necessary and appropriate to extend the stay to Roth and Nicol, two key personnel of debtor, because any proceedings against them "will hamper efforts to put together a plan of reorganization."

In this appeal, appellants contend that since the Bankruptcy Court denied the preliminary injunction pursuant to established criteria for injunctive relief, it was inconsistent for the Bankruptcy Court to grant a stay—in effect, an injunction—from proceeding against nondebtor officers of the

---

**2.** In pertinent part, 28 U.S.C. § 1292(a) provides as follows:

**§ 1292. Interlocutory decisions**
(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, ....

debtor using § 105's broad "necessary and appropriate" language. In essence, appellant is arguing that when a Bankruptcy Court, under the power of § 105, issues an order to stay outside proceedings against nondebtors, the "necessary and appropriate" test is defined by and limited to the standards used for granting or denying injunctive relief.

■ Section 105 of Title 11 provides that a bankruptcy court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [Title 11]...." Although § 105 is couched in broad terms, the authority granted the bankruptcy court pursuant to this section is not without restrictions.

Temporary stays of proceedings against nondebtor parties are in the nature of injunctions, regardless of the label placed upon them by the Court. *See In re Otero Mills, Inc.*, 25 B.R. 1018, 1021 (D.N.M.1982) ("The injunction issued below is in the nature of a temporary stay of enforcement against [nondebtor party]"); *Matter of Johns-Manville Corp.*, 26 B.R. 405, 415 (Bankr.S.D.N.Y.1983) (Request by debtor's codefendants in civil action that debtor's stay be broadened so as to include them "is deemed a request for a preliminary injunction.")

Thus, in *Matter of Johns-Manville*, 26 B.R. 405, the court found that the granting of injunctive relief through the broad equitable powers of § 105 must be governed by the traditional requirements for granting of preliminary injunctions:

... a party seeking the equitable relief of an extension of the stay must satisfy the requirements of FRCP 65 [3] as applied to bankruptcy by Rule 765 of the Rules of Bankruptcy Procedure. The co-defendants here must show that without the sought-after relief, they will suffer irreparable injury and that they are likely to prevail on the merits. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975);

*In re Otero Mills, Inc.*, 21 B.R. 777 at 778–79 (Bkrtcy.D.N.M.1982). As explained by a leading authority:

[T]he ... court may, in the exercise of its discretion, properly grant an interlocutory injunction when it is satisfied that there is a probable right and a probable danger and that the right may be defeated, unless the injunction is issued; and that the plaintiff is in substantial need of protection; and that the damage to him, if the injunction is denied, *plainly outweighs any foreseeable harm to the defendant.* 7 (Pt. 2) Moore's Federal Practice ¶ 65.04[1] at 65–39 (2d ed. 1982). (emphasis added).

*Matter of Johns-Manville Corp.*, 26 B.R. at 415.

Similarly, in *In re Brookfield Tennis, Inc.*, 29 B.R. 1 (E.D.Wisc.1982), the court, following *In re Larmar Estates, Inc.*, 5 B.R. 328 (Bankr.E.D.N.Y.1980), denied a stay sought by nondebtor parties who failed to satisfy the criteria for issuance of injunctions. Relying on *Larmar*, the court stated that *"an order staying [an outside party]* pending the confirmation of Chapter 11 plans *could only be entered if the debtors met the traditional test for issuance of preliminary injunctions ...." Id.* at 2 (emphasis added).

■ For purposes of issuing injunctions against proceedings relating to nondebtors, the pivotal question is whether the *debtor* will suffer irreparable harm if the proceedings against the nondebtor go forward. It is the debtor's interests, and not the interests of nondebtors, which the extraordinary powers of § 105 are designed to protect. In the case now before the Court, the debtor failed to prove to the Bankruptcy Court's satisfaction that irreparable harm would befall the debtor absent the granting of the requested injunction.

■ Upon review of the case law, and considering the extraordinary nature of the review requested, this Court finds that the

---

**3.** Fed.R.Civ.P. 65 governs the granting of injunctions and temporary restraining orders and is made applicable to bankruptcy proceedings by

Bankruptcy Rule 7065 (formerly Rule 765 of the Rules of Bankruptcy Proceedings).

Bankruptcy Court abused its discretion in applying a less stringent standard for granting the stay against nondebtor parties than is traditionally required for the granting of injunctive relief. Although the language of § 105 broadly allows the bankruptcy courts to issue orders "necessary and appropriate" to the Chapter 11 proceedings, the necessity and appropriateness of extending stays to nondebtor parties is to be determined solely by applying the traditional tests for issuance of injunctive relief.

Accordingly, this Court finds that the Bankruptcy Court erred in extending the stay to Mr. Roth and Mr. Nichols, nondebtor personnel of debtor corporation. Therefore, the order appealed from is reversed, and the stay against Mr. Roth and Mr. Nichols is vacated.

IT IS SO ORDERED.