In the Matter of SUPERMERCADO GAMBOA, INC. d/b/a Supermercado Truman, Debtor.

SUPERMERCADO GAMBOA, INC. d/b/a Supermercado Truman, Plaintiff,

v.

CAMARA De COMMERCIANTES MAYORISTAS De PUERTO RICO, INC., Defendant.

Bankruptcy No. B–86–00978(A).

Adv. No. 86–0176.

United States Bankruptcy Court, D. Puerto Rico.

Dec. 8, 1986.

John Garcia, Hato Rey, P.R., for debtor.

Maria Luisa Contreras, San Juan, P.R., for Camara De Commerciantes Mayoristas De Puerto Rico, Inc.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge, Sitting by Designation.

This adversary proceeding came before the court on the defendant's motion to dis-

miss the complaint by the debtor-plaintiff seeking an order barring the defendant from seeking relief against the nondebtor officers and shareholders of the debtor corporation on their personal guarantees of certain debts of the debtor corporation. The debtor filed its Chapter 11 petition in this court on May 29, 1986. The complaint alleges that the defendant has instituted various lawsuits in a Commonwealth court seeking to recover on the personal guarantees by virtue of the defaults in payment by the debtor corporation. The complaint relies on both § 105 and § 362 of the Bankruptcy Code.

## AUTOMATIC STAY (§ 362)

The contention that the automatic stay provided by § 362 of the Code protects these nondebtor parties is not tenable. The statute in question provides in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under.... this title.... operates as a stay, applicable to all entities of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.... (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate....

It is obvious that the statutory language imposes this extraordinary ex parte injunction only upon actions directed "against the debtor". As stated by Judge Beckerleg in *In re Carib-Inn of San Juan, Corp.*, Case No. B–81–00273(B) (Order filed April 12, 1982), it is settled law in this district that § 362 by itself does not protect nondebtor parties:

"We have uniformly held in the past, and see no reason to change, that § 362 does not protect officers of a debtor corporation. If that seems unfair, or unjust, (and at times such as in the present case, it does), the answer is that the statute simply does not support the interpretation debtors desire."

See also, *Austin v. Unarco Industries, Inc.*, 705 F.2d 1 (1st Cir.1983) (citing and applying in a pending civil appeal an Illinois bankruptcy court determination that the automatic stay did not apply to co-defendants).

The plaintiff replies with an ingenuous argument to the effect that since the nondebtor officers may claim a right to indemnification against the debtor corporation, if they are held liable under personal guarantees, the lawsuits in question do *indirectly* involve property of this estate. They have even gone so far as to file a Motion For Contempt seeking to hold the defendant liable for a stay violation under this interpretation of § 362 of the Code.

This argument in my judgment proves too much. In effect it "stands the statute on its head". If Congress intended to expand the scope of this extraordinary statutory provision, imposing an *ex parte* injunction upon the world as to actions against the debtor and its property, it would I believe have used more precise language to achieve that result. Indeed, where expanded scope of the automatic stay against codebtors *was* intended, as in § 1301 of the Bankruptcy Code, dealing with Chapter 13 debt adjustment proceedings, Congress *did* make explicit the further stay of actions against codebtors who themselves were not debtors in the bankruptcy proceeding.

## INJUNCTIVE RELIEF (§ 105)

The complaint in the present case also relies on § 105 of the Bankruptcy Code dealing with the entry of discretionary injunctive relief by a bankruptcy court. It is true that this statute does grant broad authority to issue orders as "necessary and appropriate" to the reorganization effort, but this broad authority does not allow the bankruptcy court to apply a less stringent standard for granting injunctive relief for the benefit of nondebtor defendants than is

traditionally required for the issuance of any injunction. *Matter of Electronic Theatre Restaurants Corp.*, 53 B.R. ·458, 13 CBC 2d 675 (N.D.Ohio 1985).

■ In the First Circuit, as elsewhere, the four standard factors that the debtor corporation would have to establish to obtain injunctive relief are as follows: (1) That the debtor would suffer irreparable injury if the injunction were not granted; (2) That such injury outweighs any harm which granting injunctive relief would inflict on a defendant; (3) That the debtor has exhibited a likelihood of success on the merits; (4) That the public interest will not be adversely affected by the granting of the injunction. ·*Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981); *Auburn News Co., Inc. v. Providence Journal Co.*, 659 F.2d 273, 277 (1st Cir.1981); *Lancor v. Lebanon Housing Authority*, 760 F.2d 361, 362 (1st Cir.1985). The same standards apply equally in the bankruptcy context. *Matter of Electronic Theatre Restaurants Corp.*, *supra; In re Gellert*, 55 B.R. 970, 975 (Bankr.D.N.H. 1985).

■ The § 105 issue in this adversary proceeding is raised by the defendant's motion for summary judgment and dismissal of the complaint. However, the defendant has submitted no affidavits on the pertinent factual background, other than certain details as to the unpaid debts, personal guarantees, demands, and Commonwealth court litigation in question. The defendant in this proceeding apparently has taken the position that *as a matter of law* the bankruptcy court cannot grant injunctive relief that has the indirect effect of benefiting nondebtor parties under § 105 of the Bankruptcy Code. I do not believe that the bankruptcy court's power is so restricted. See *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986); *In re Johns-Manville Corp. v. The Asbestos Litigation*

*Group*, 26 B.R. 420, 7 CBC 2d 1042 (Bankr. S.D.N.Y.1983).

It is true that the injunctive relief granted in the *Robins* and *Manville* cases involved a situation in which corporate insiders were distracted, if not overwhelmed, by *thousands* of lawsuits filed against themselves and the debtor corporation throughout the United States. The situation in the present case admittedly is not comparable to those cases. The factual situation in *Robins* and *Manville* indicated that a reasonable "breathing spell" for the corporate officers was necessary to permit them to ʼformulate and put forward a plan of reorganization free from such distraction.

■ The differences between this case and those cases does not, however, support a disposition of the present case on a *summary judgment* basis. It simply cannot be said that there is no genuine issue as to any material fact—the requisite of course for the granting of a summary judgment motion—in the present case.

■ It may well be that a trial will establish that the debtor is no longer entitled to a "breathing spell" in the present case, in view of the six months that have expired since the Chapter 11 filing with no apparent action on the part of the debtor to file a reorganization plan in this case. It may also be that the debtor and its officers and directors are stalling action on a plan, until it is determined in this court whether the creditors or the nondebtor parties "will have the leverage" in any bargaining on the plan by virtue of the ultimate decision as to staying the Commonwealth court litigation.[1] But I do not know those to be the facts, nor do I have any showing as to the efforts made by the debtor to formulate a plan. Those matters are best left for an evidentiary hearing.

---

**1.** In this regard the court concurs with the statement by the plaintiff in its complaint that: "For purposes of issuing an injunction against proceedings relating to non-debtors the pivotal question is whether the debtor will suffer irreparable harm if the proceedings against the non-

debtor go forward. It is the debtor's interests and not the interests of non-debtors which the extraordinary powers of section 105 are designed to protect. *Matter of Electronic Theatre Restaurant Corp.*, 53 B.R. 458, 13 CBC 2d 675 (N.D.Ohio 1985)."

■ The defendant argues that the plaintiff's allegation of the "irreparable harm" factor is merely conclusory and speaks only of a generalized, non-specific, detrimental impact upon the reorganization. I agree that such a generalized showing would not be sufficient. *Cf. In re Venture Properties, Inc.*, 37 B.R. 175 (Bankr.D.N.H.1984); *In re O.H. Lewis Co., Inc.*, 40 B.R. 531 (Bankr.D.N.H.1984); *In re Gellert, supra*, pp. 974, 975. I believe the more relaxed approach initiated in *In re Otero Mills, Inc.*, 25 B.R. 1018 (D.N.M. 1982), and its progeny is simply bad law. *Cf. In re A.J. Mackay Co.*, 50 B.R. 756, 762 (D.Utah 1985). But in the present case I can not say the "irreparable harm" allegation is insufficient as a matter of law.

■ The defendant puts forth a cogent argument to the effect that the nondebtor officers and shareholders should not benefit from bankruptcy court injunctive relief without "paying the price" by filing their own Chapter 11 petitions. To obtain the automatic stay directly on their own behalf, they would of course be forced to disclose their own assets and liabilities. Here, argues the defendant, they are getting the benefit of injunctive relief without being forced to disclose anything about their own financial condition. Arguably, these non-debtor parties might be quite solvent and easily able to honor their personal guarantees. But nothing will prevent the defendant in a trial of this matter from pressing the debtor to establish the financial condition of the nondebtor parties as part of its showing of "irreparable harm" justifying a stay. Moreover, the same factual showing arguably would be relevant to the "balance of harm" showing required by the debtor.

The defendant also contends that if corporate insiders are permitted to hold off lending institutions on their personal guarantees, by the device of having their corporation in Chapter 11 seek injunctive relief under § 105 of the Code, that such lending to debtor corporations will quickly dry up once lending institutions are aware that the obtaining of the personal guarantee is no longer the insulating factor from the corpo-

rate bankruptcy that they have always assumed it to be. But here again there is no evidence presently before this court to that effect, and nothing would prevent the defendant from pressing a showing on that issue under the "public interest" factor relevant to the granting of injunctive relief.

For all of the foregoing reasons, I conclude that there are genuine issues of material fact raised in the instant adversary proceeding. Accordingly, it is

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion For Summary Judgment filed herein by the defendant, Camara De Commerciantes Mayoristas De Puerto Rico, Inc., on October 15, 1986, is hereby denied.

2. The clerk shall set this matter down for trial with due notice to the parties.

### ORDER

This case having come before the court on the "Motion For Contempt And/Or Order To Show Cause" filed herein by the debtor with regard to various alleged violations of the automatic stay by the creditor, Camara De Commerciantes Mayoristas De Puerto Rico, Inc., and the creditor, Borden Interamericana, Inc.; and the court having set forth separately in Adversary Proceeding Nos. 86–0176 and 86–0198, its findings and conclusions to the effect that the automatic stay does not protct nondebtor parties; and those findings and conclusions being equally relevant and herein incorporated by reference; it is accordingly

ORDERED, ADJUDGED and DECREED that the aforesaid "Motion For Contempt And/Or Order To Show Cause" filed herein by the above-named debtor is hereby denied.