**HOME LIFE INSURANCE COMPANY**

v.

**ABRAMS SQUARE II, LTD., a Texas Limited Partnership.**

Civ. A. No. 4–88–123–E.
Adv. No. 488–4035.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 21, 1988.

Robert T. Brousseau, Kenneth F. Plifka, Stutzman & Bromberg, Dallas, Tex., for plaintiff.

Ronald D. Law, Dilts and Law, Ronald W. Johnson, Thomas W. Welch, Touchstone, Bernays, Johnston, Beale & Smith, Dallas, Tex., Roy T. Sparkman, Sherrill & Pace, Wichita Falls, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Now before the Court is Home Life Insurance Company's Appeal from the Bankruptcy Court's Order Enjoining Foreclosure Sale and Motion to Dissolve the Injunction to which Abrams Square II, Ltd. has responded. After a thorough review of the issues, the Court makes the following findings.

### FACTS

Abrams Square Associates Limited Partnership ("Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 3, 1987, almost one and one-half years ago. This is a single-asset bankruptcy case. Debtor owns a 276–unit apartment project ("Project"). Home Life has a first lien against the Project and Abrams Square II has a second lien against the Project.

Both Home Life and Abrams Square II filed motions to terminate the automatic stay in May 1987. On July 9, 1987, the Bankruptcy Court entered an order stating "if Debtor fails ... to file a Plan of Reorganization prior to September 15, 1987, then the automatic stay shall terminate automatically without further order of this Court." The Bankruptcy Court also allowed both Home Life and Abrams Square II to post for foreclosure but not foreclose unless the Debtor failed *inter alia* to file a plan of reorganization. Debtor failed to file a plan of reorganization and, as a re-

sult, the automatic stay was terminated. The Bankruptcy Court did not state which creditor, Home Life or Abrams Square II could foreclose.

Home Life posted the Project for foreclosure sale on February 2, 1988. On January 25, 1988, Abrams Square II, the second lienholder, filed an Application for Injunctive Relief with the Bankruptcy Court, under Adversary No.: 4–88–4035, seeking to enjoin Home Life from foreclosing its first lien against the Project. The Debtor did *not* join Abrams Square II in its application. On February 2, 1988, the Bankruptcy Court entered an order, without a hearing, preventing Home Life from foreclosing its first lien against the Project on that day. Home Life and Abrams Square II both reposted the Project for a foreclosure sale to be held on March 1, 1988.

On February 25, 1988, the Bankruptcy Court held a hearing on Abrams Square II's application for injunctive relief. The Bankruptcy Court entered an oral order on February 25 which was memorialized in a written order of March 4, 1988. The Bankruptcy Court granted Abrams Square II's application for injunctive relief, and the Court allowed Abrams Square II to foreclose on the Project. Abrams Square II was entitled to operate the Project for 120 days from March 4, 1988, or approximately July 2, 1988. The attorneys for Abrams Square II and Home Life were to hold a conference with the Bankruptcy Court 60 days from March 4, 1988 to "determine the progress of [Abrams Square II's] operating of the Project." This date would be approximately May 2, 1988.[1]

On February 29, 1988, Home Life filed an emergency motion to dissolve the injunction entered by the Bankruptcy Court. On March 1, 1988, after a hearing, this Court entered an order enjoining both Home Life and Abrams Square II from foreclosing on the Project until further order of this Court.

In light of the Bankruptcy Court's March 4, 1988 Order, it was surprising to find that the Bankruptcy Court acted upon the Trustee's motion to dismiss which was filed

on September 28, *1987*. The Bankruptcy Court dismissed the bankruptcy proceedings on March 28, 1988. Abrams Square II became aware of the Dismissal Order on April 5, 1988. Abrams Square II did not file a notice of appeal from the Dismissal Order. Rather, Abrams Square II filed a motion to reinstate the Chapter 11 proceedings in the Bankruptcy Court. The Bankruptcy Court, after a hearing, entered an order on May 31, 1988 denying the motion to reinstate because it lacked jurisdiction to grant such relief. Unfortunately, the cryptic order did not share the reasons for the Bankruptcy Court's findings.

On June 3, 1988, Home Life filed an Emergency Motion to dissolve this Court's Order which prevented both Home Life and Abrams Square II from foreclosing. Home Life argues that the appeal is moot since the Bankruptcy Court has dismissed the underlying case.

### DISCUSSION

This Court must first consider the mootness issue, for if the underlying case is dismissed then this interlocutory appeal is moot. The Bankruptcy Court's March 28, 1988 Order of Dismissal curiously does not refer to its Order of March 4, 1988 wherein it allowed Abrams Square II to operate the Project for 120 days and requested the parties to confer with the Court on approximately June 2, 1988. It appears to this Court that there is an inconsistency in these orders and that this matter should be remanded for clarification.

■ The Court will next address the Bankruptcy Court's finding that it does not have jurisdiction to reopen the bankruptcy case. This Court is entertaining an interlocutory appeal from a bankruptcy court order. *See e.g., Matter of Electronic Theatre Restaurants*, 53 B.R. 458, 461 (N.D. Ohio 1985). The only issues on appeal are whether the Bankruptcy Court has authority under sections 105 and 362 of the Bankruptcy Code to enter injunctive relief in this case.

---

1. There is no evidence before this Court that the May 2, 1988 conference was held.

■ The remainder of the case continues in the Bankruptcy Court and that Court has authority to direct its progress. The only reason that this Court can conceive for the Bankruptcy Court's position is Rule 8011(a) of the Bankruptcy Rules. This provision relates to the filing of motions after an order of the Bankruptcy Court is appealed. Rule 8011(a) provides: "A request for an order or other relief shall be made by filing with the clerk of the district court ... a motion for such order or relief." (emphasis added). This provision does not require *all* motions for relief to be filed with the District Court after a Bankruptcy Court order is appealed to the District Court. Rather, the provision only pertains to those motions which are relevant to the matter that the District Court is considering on appeal. *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir.1984) ("The filing of a ... notice of appeal transfers jurisdiction over *matters involved in the appeal* from the [trial court] to the [appellate court]." (emphasis added)) Therefore, this Court finds that the Bankruptcy Court has jurisdiction to consider Abrams Square II's motion to reinstate the bankruptcy case and should do so.

If the Bankruptcy Court on remand dismisses the underlying case, then this appeal is moot. If the Bankruptcy Court reinstates the underlying case, this Court will address the issues on appeal so as to speed this case to a final resolution.

## I. Bankruptcy Court's Authority Under Section 362

■ "Once lifted, stay cannot be reimposed by bankruptcy court under § 362." *Browning v. Navarro*, 743 F.2d 1069, 1084 (5th Cir.1984) (*citing In re Stuart Motel, Inc.*, 15 B.R. 28 (Bankr.S.D.Fla.1981). The Bankruptcy Court did not have authority

under section 362 to reimpose the stay in this case.

## II. Bankruptcy Court's Authority Under Section 105 [2]

■ After a stay is lifted it may be reimposed under section 105 and Rule 65 of the Federal Rules of Civil Procedure through Rule 7065 of the Federal Bankruptcy Rules. *In re Martin Exploration Co.*, 731 F.2d 1210, 1214 (5th Cir.1984); *In re Sandmar Corp.*, 16 B.R. 120, 123 (Bankr.D.N.M.1981); *In re Walker*, 3 B.R. 213, 214 (Bankr.W.D.Va.1980). The stay is an injunction and, therefore, the four requirements for an injunction must be satisfied: substantial likelihood of success on the merits; irreparable harm to the movant; harm to the movant outweighs the harm to the nonmovant from denying the injunction; the injunction does not violate the public interest. H.R.Rep. No. 595, 95th Cong., 1st Sess. 342 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787; *Matter of Electronic Theatre Restaurants*, 53 B.R. 458, 461–62 (N.D.Ohio 1985). The Bankrupcty Court stated that these requirements were met. As to the first requirement, the Bankruptcy Court found

> that there is a substantial likelihood that MOVANT [Abrams Square II] would prevail in a final hearing on the merits under § 362 of the United States Bankruptcy Code and that MOVANT may be able to adequately protect HOME LIFE and/or the Project is necessary for an effective reorganization of MOVANT.[3]

Section 362 is the statutory guidelines regarding the automatic stay which goes into effect upon the filing of a bankruptcy case. It also provides the basis upon which the automatic stay can be lifted.

---

**2.** 11 U.S.C. § 105(a) provides "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Section 105 allows Bankruptcy Courts to fashion a variety of relief *if* they are consistent with the provisions of the Bankruptcy Code. *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). Thus, the statute does not (1) authorize the bankruptcy courts to create substantive

rights that are otherwise unavailable under applicable law, or (2) constitute a roving commission to do equity. *Id.*

**3.** The Bankruptcy Court's use of the word movant is in error. The debtor, Abrams Square Associates Limited Partnership, and not the movant, Abrams Square II, is the entity which will be reorganized.

Since the automatic stay in this case was already lifted, there are no further proceedings permitted under section 362. Therefore, it is impossible for Abrams Square II to succeed on a final hearing under section 362. Accordingly, this Court must overturn the Bankruptcy Court's finding that Abrams Square II has satisfied the first requirement for an injunction. The Bankruptcy Court's Order does not give any reason, save section 362, for granting injunctive relief.[4]

Section 1121 of the Bankruptcy Code allows "any party in interest" to file a plan of reorganization. 11 U.S.C. § 1121. Abrams Square II, as a creditor, is a party in interest. Therefore, Abrams Square II has a right under section 1121 of the Code to file a plan of reorganization. The Bankruptcy Court may use its power under section 105(a) to stay a foreclosure action, thereby preserving the estate, so that it has time to consider whether a plan will be confirmed. *In re Matter of Feimster*, 3 B.R. 11, 13 (Bankr.N.D.Ga.1979). Of course, the requirements for a preliminary injunction would have to be satisfied.

However, there is no indication in its Order that the Bankruptcy Court stayed Home Life's foreclosure because it wanted to give Abrams Square II time to file a plan and because it wanted to consider such a plan.[5]

**ORDER**

The Bankruptcy Court's Order of March 4, 1988 is vacated. This Court's Order of March 1, 1988 is vacated. This case is remanded to the Bankruptcy Court to consider expeditiously Abrams Square II's motion to reopen. If the Bankruptcy Court denies that motion, then this appeal is moot. If the Bankruptcy Court grants the motion to reopen, then the Bankruptcy Court is directed to proceed consistent with this Opinion.

---

**4.** During a telephone conference on Home Life's Emergency Motion to vacate this Court's Order of March 2, 1988, counsel for Abrams Square II represented to this Court that it intended to file a plan of reorganization in this case. This request is quite tardy and triggers concern as to the sincerity of the request to file a plan.

This bankruptcy case has been pending for one and one half years and only involves a single-asset estate. The Bankruptcy Court allowed Debtor until September 15, 1987 to file a plan of reorganization and the *Debtor was unable to do so.* Since that time, *Abrams Square II has not attempted to file a plan of reorganization.* This case seems to be one of the "vast majority of Chapter 11 cases ... [wherein] ... reorganization cannot be realized." *In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363, 373 n. 17 (5th Cir.1987) (en banc), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

One of the primary reason for the revision of the bankruptcy laws in 1978 was to expedite the reorganization process. *In re Timber of Inwood Forest,* 793 F.2d 1380, 1405 (5th Cir.1986). Secured creditors have a right to obtain "the benefit of their bargain." *Id.* at 1397. In other words, the secured creditors, such as the first lienholder Home Life, have a right to obtain the collateral which was put up as security for a loan from the secured creditor. *Id.* The appellate courts have voiced a concern that the secured creditors were not obtaining the prompt relief which the revisions in the bankruptcy laws were intended to provide. *Id.* at 1407. This Court echoes the same concern.

**5.** If Abrams Square II's plan is filed simply to prolong the foreclosure by Home Life, then the Bankruptcy Court has the authority under Rule 9011 of the Bankruptcy Code to enter an appropriate sanction against Abrams Square II for such delay.