Paul **COLLIER**

v.

The **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION.**

Civ. A. No. 92–0046–P.

United States District Court,
D. Rhode Island.

Feb. 20, 1992.

S. Paul Ryan, Providence, R.I., for plaintiff.

William R. Grimm, Gardner H. Palmer, Jr., Hinckley, Allen, Snyder & Comen, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Plaintiff in the above-captioned case has petitioned this Court for a preliminary injunction. For reasons stated below, plaintiff's petition is denied.

### I.

Plaintiff is a sophomore at Brown University who transferred to Brown after spending his first two semesters of college at the University of Nebraska. Plaintiff is also a talented wrestler who unfortunately failed a course during his first semester at Nebraska, which course he has not subsequently repeated. According to his Complaint, plaintiff was notified by the National Collegiate Athletic Association (NCAA) this past September that he would be precluded from wrestling during the 1991–92 academic year because he had not successfully repeated the failed course. Plaintiff seeks a preliminary injunction to restrain the NCAA from preventing him from participating in the few remaining intercollegiate wrestling matches this academic year.[1]

### II.

A plaintiff seeking a preliminary injunction must satisfy four well-established criteria:

(1) irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on [defendant]; (3) a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction.

*Lancor v. Lebanon Housing Auth.*, 760 F.2d 361, 362 (1st Cir.1985) (citing *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009–12 (1st Cir.1981)).

Even if this Court were to concede that plaintiff has met his burden with respect to criteria (1), (2) and (4), his preliminary injunction motion must fail because he has not shown a likelihood of success on the merits. As it is on this basis that I deny his motion, this will be the sole factor I discuss below.

### III.

NCAA rules require that student athletes who transfer schools will not again be eligible for athletic participation until one year *after* they transfer. NCAA Bylaws § 14.6.1. Plaintiff describes defendant's rationale for this rule as follows: "The obvious underlying purpose of this rule is to prevent academic vagabonding where an athlete transfers from school to school purging a poor or non-existent academic record at the prior school while still competing at the next school." Pltf's. Memo. at 4.

There is an exception to the one-year athletic abstinence rule. This exception permits immediate athletic participation by the transfer student if s/he has not previously transferred schools, and. if s/he

is in good academic standing and meets the satisfactory-progress requirements. The transferring student must be one who would have been eligible had he or she remained at the institution from which the student transferred, and he or she must also be eligible at the certifying institution as a regularly enrolled, full-time, degree-seeking student who was admitted in accordance with the regular, published entrance requirements of the institution.

NCAA Bylaws § 14.6.5.3.10(c).

Plaintiff falls into this exception only if, at the time he transferred to Brown, he would have been eligible to wrestle at the school he transferred *from* (Nebraska) had he stayed. To determine whether the plaintiff would have been permitted under NCAA regulations to wrestle at Nebraska this year, this Court looks to NCAA Bylaws § 14.5.2, termed "Eligibility for Competition":

Eligibility for competition subsequent to the student-athlete's first academic year in residence or after the student-athlete has utilized one season of eligibility in any sport at the certifying institution shall be determined by the student-athlete's academic record in existence at the beginning of the fall term of the regular academic year, based upon: (a) Satisfac-

---

**1.** Plaintiff previously applied to this Court for a Temporary Restraining Order, which request

was denied following a hearing on January 31, 1992.

tory completion prior to each fall term of a cumulative total of academic semester or quarter hours equivalent to an average of at least 12 semester or quarter hours during each of the previous academic terms in academic years in which the student-athlete has been enrolled in a term or terms, or (b) Satisfactory completion of 24 semester or 36 quarter hours of academic credit since the beginning of the previous fall term.

Reduced to its essence, this rule mandates that only if the plaintiff had accumulated a total of 24 credits during his first two semesters at Nebraska would he be permitted to wrestle at Nebraska this year (1991–92). Plaintiff's transcript from Nebraska clearly demonstrates that he did not meet this requirement; because he failed a course, he earned only 21 credits for the 1990–91 academic year. Since plaintiff would have been barred by NCAA regulations from wrestling at Nebraska this year, he is not eligible to compete at Brown under the transfer exception embodied in NCAA Bylaws § 14.6.5.3.10(c).

### IV.

Plaintiff nonetheless advances a variety of arguments to support his petition for a preliminary injunction. He alleges that a contractual relationship exists between the NCAA and Brown University, which contract renders him a third-party beneficiary. Alternatively, he claims that he himself has a direct contractual relationship with the NCAA. Plaintiff contends both that the NCAA regulations at issue in this case are ambiguous, and that his due process rights have been violated by defendant's actions.

The existence of any contractual relationship between plaintiff and defendant is questionable; however, I need not delve into this issue to any great depth. Even if the NCAA regulations do constitute contractual terms, the regulations in question are not ambiguous. The regulations, as set forth above, are subject to only one reasonable interpretation—by virtue of having failed a course last year, plaintiff is ineligible to wrestle for the remainder of the 1991–92 academic year.

Plaintiff's constitutional claim has been previously addressed by both the United States Supreme Court and lower federal courts. In *NCAA v. Tarkanian*, 488 U.S. 179, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988), the Supreme Court held that the NCAA is not a state actor but a private organization; therefore, the Fourteenth Amendment due process mandate did not apply to the NCAA. This approach had been previously used by a number of federal courts. In *McHale v. Cornell Univ.*, 620 F.Supp. 67, 70 (N.D.N.Y.1985), the court stated, "Although the NCAA may perform a public function in overseeing the nation's intercollegiate athletics, it remains a private institution.... Constitutional standards are only invoked where it can be shown that the state is responsible for the specific conduct of which the plaintiff complains." *See also, Karmanos v. Baker*, 617 F.Supp. 809 (D.C.Mich.1985); *Fluitt v. Univ. of Nebraska*, 489 F.Supp. 1194 (D.Neb.1980).

My review of these cases indicates that plaintiff's due process rights have not been violated by the NCAA's refusal to permit him to wrestle. Absent state action, the due process requirement of the Constitution is not implicated. The NCAA is not a state actor; plaintiff's constitutional claim must fail.

### V.

Having found no reason to believe that plaintiff is likely to succeed on the merits of his case, I hereby deny his petition for a preliminary injunction.

SO ORDERED.