In re STUART MOTEL, INC., Debtor.

STUART MOTEL, INC., Plaintiff,

v.

COLUMBIA BANKING SAVINGS & LOAN ASSOCIATION and K. Wallace Neidenthal, Trustee, Defendants.

SCABBARD INVESTMENT CORP., Plaintiff,

v.

COLUMBIA BANKING SAVINGS & LOAN ASSOCIATION and Stuart Motel, Inc., Defendants.

Bankruptcy No. 80–00064–BKC–JAG.
Adv. Nos. 81–0306–BKC–JAG–A, 81–0274–BKC–JAG–A.

United States Bankruptcy Court, S. D. Florida.

Aug. 19, 1981.

Ronald A. Harbert, Mateer, Harbert, Bechtel & Phalin, P.A., Orlando, Fla., for Columbia Banking Savings & Loan Association.

Samuel S. Sorota, Miami Beach, Fla., for debtor.

Ronald G. Neiwirth, Neiwirth & Neiwirth, P.A., Miami, Fla., for Scabbard Investment Corp.

Robert J. Gorman, Fort Pierce, Fla., for K. Wallace Neidenthal, trustee.

ORDER GRANTING MOTIONS OF DEFENDANT COLUMBIA BANKING SAVINGS & LOAN ASSOCIATION TO DISMISS

JOSEPH A. GASSEN, Bankruptcy Judge.

These adversary cases were brought by the respective plaintiffs to have the court either reimpose the automatic stay under 11 U.S.C. § 362 which had been modified to the extent necessary to permit the defendant, Columbia Banking Savings & Loan Association, to complete its state court foreclosure action (more details of which are set forth below) or to enjoin the foreclosure sale by the Clerk of the State Court. This chapter 11 case (Case No. 80–00064–BKC–JAG) was filed in January of 1980 and the order for relief entered pursuant thereto invoked the automatic stay provisions of 11 U.S.C. § 362, particularly as to the foreclosure action then pending in the Florida Circuit Court in and for Martin County, Florida, which had been brought by Columbia Banking Savings & Loan Association, first mortgagee of the property which constitutes the

principal asset of the debtor, Stuart Motel, Inc., one of the plaintiffs in these consolidated adversary cases.

Columbia commenced extensive litigation in this court through the filing of an adversary proceeding against the debtor (Adversary Case No. 80–0075–BKC–JAG–A) in which it sought to have the § 362 stay modified to the extent necessary to permit it to complete its state court foreclosure action. The trial of that adversary commenced in June, 1980 and ultimately resulted in the entry on December 9, 1980 of Findings and Conclusions and a Final Judgment continuing automatic stay upon compliance with conditions (C.P. Nos. 31 and 32, Adversary Case No. 80–0075–BKC–JAG–A). The conditions referred to in that Final Judgment were the making of certain payments by the debtor Stuart Motel, Inc. as set forth in the Findings and Conclusions. The defendant Stuart Motel, Inc. in that case applied to the court for an extension of time within which to comply with the conditions imposed upon it for continuing the automatic stay. Pursuant to that application, a final judgment granting the extension and modifying automatic stay under § 362 was entered on December 19, 1980 (C.P. No. 35, Adversary Case No. 80–0075–BKC–JAG–A). By reason of the debtor's noncompliance with that last judgment, the court entered its order on January 6, 1981 which had the effect of terminating the stay as it applied to the state court foreclosure action brought by Columbia (C.P. No. 36, Adversary Case No. 80–0075–BKC–JAG–A). Thereafter the state court foreclosure action proceeded to Final Judgment and pursuant to the Final Judgment, a foreclosure sale was set for June 15, 1981.

A few days prior to June 15, 1981, Stuart Motel, Inc. entered into a contract with a third party purchaser for the sale of the asset and property which was subject to the foreclosure action. The contract was predicated upon the seller, Stuart Motel, Inc., being able to reinstate the first mortgage held by Columbia and the purchaser assuming that mortgage after its reinstatement and complying with the original terms of that mortgage. This contract formed the basis for the currently pending plan of reorganization (Amended Fourth Plan of Reorganization).

So that there would be a "res" through which the plan could be effected, Stuart Motel sought an emergency order which would prevent the Clerk of the State Court from holding the foreclosure sale on June 15, 1981. An emergency hearing was held on June 12, 1981, at the conclusion of which, the court asked the parties to further research the issues and continue the hearing very early on the morning of Monday, June 15, 1981 (the sale being set at 11:00 a. m. that date in Stuart, Florida). The hearing was resumed early in the morning of June 15, 1981 and at the conclusion of that hearing, the court entered its order temporarily reimposing automatic stay in Adversary Case No. 80–0075–BKC–JAG–A (C.P. No. 53 therein). That order bears date June 17, 1981 but is only a memorialization of the ruling made on June 15, 1981 with which all parties complied by instructing the State Court Clerk to cancel the sale.

These consolidated adversary proceedings ensued and were tried on August 4, 1981. All issues raised by motion and by complaints and answers have been extensively and ably briefed and argued by counsel. Columbia's first defense to the adversaries is that the court has no power or authority to reimpose the automatic stay, or to enjoin the state court, or to prevent completion of the foreclosure process in state court through the guise of enjoining parties to this action. It vigorously maintains that these proceedings should be disposed of and terminated on its motions to dismiss on that basis. By reason of the court's reservation of ruling on the motions, Columbia argues that in the event its motions to dismiss were denied, there is no equitable basis for entering an injunction under 11 U.S.C. § 105(a) even if this court had the authority to do so and further maintains that if such an injunction were entered it could only be on the equitable basis that all real and actual damages would be awarded to Columbia.

The plaintiffs in these adversary cases on the other hand take the position that the court does have the authority to reimpose the automatic stay (11 U.S.C. § 362) but, even if it did not, it certainly has the inherent equitable power as well as the codified authorization under 11 U.S.C. § 105(a) to enjoin the parties from completing the state court foreclosure. The plaintiffs further take the position that Columbia's damages under any test should be limited to those provided in 11 U.S.C. § 1124(2)(C) which would *not* include damages for the difference in the contract rate of interest and the market rate of interest which the mortgagee could obtain if it had the proceeds due it under the final judgment of foreclosure.

■ By reason of the court through this order agreeing with the position of Columbia that the court has no authority to reimpose the stay or enjoin the completion of the foreclosure process in state court, it is not necessary to dispose of the issues as to whether or not it would be inequitable to enter any kind of reimposition of stay or restraining order under the facts of this case much less the issue of whether or not Columbia's damages would be limited to the formula set forth in 11 U.S.C. § 1124(2)(C).

■ Columbia has persuaded the court that its motions to dismiss are well taken. The court now feels that its temporary restraining order entered as a result of the hearings on June 12 and June 15, 1981 was improvident and erroneous and but for Columbia's voluntary compliance with that order all of the issues would now be moot. The reasons for this conclusion are as follows: the automatic stay under 11 U.S.C. § 362 is by act of Congress and even though the Bankruptcy Court is given the right to continue the stay by denying a grant of relief from stay under carefully controlled circumstances, there is no specific grant of authority to reimpose the stay once it has been lifted or modified for a specific purpose. The only power of this court in that regard would be such power as is stated in or inferred from 11 U.S.C. § 105(a) which provides that this court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11. This power is, of course, subject to the limitations set forth in 28 U.S.C. § 1481 which states that a bankruptcy court may not enjoin another court. This limitation remains in effect during the transition period, through March 31, 1984, as provided in § 405 of the Bankruptcy Reform Act of 1978, .Pub.L. 95–598, 92 Stat. 2549. We further agree that we cannot circumvent that plain language by preventing the completion of a state court process under the guise of enjoining conduct of parties. While we find no bankruptcy case directly in point on this issue, we do find much well reasoned, persuasive and controlling authority in the analogous situation of the Anti-Injunction Act 28 U.S.C. § 2283. See *Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Piambino v. Bailey*, 610 F.2d 1306, reh. den. 618 F.2d 1390 (5th Cir., 1980); *International Association of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125 (5th Cir. 1975); *Tampa Phosphate R. Co. v. Seaboard Coast Line R. Co.*, 418 F.2d 387, cert. den. 397 U.S. 910, 90 S.Ct. 907, 25 L.Ed.2d 90, 397 U.S. 1030, 90 S.Ct. 1256, 25 .L.Ed.2d 543 (5th Cir., 1969); *Donovan v. Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409, reh. den. 379 U.S. 871, 85 S.Ct. 14, 13 L.Ed.2d 77 (1964). Pursuant to the foregoing, it is

ORDERED as follows:

1. The motions of Columbia Banking Savings & Loan Association to dismiss the complaints in these adversary cases are hereby granted and both complaints are hereby dismissed with prejudice.

2. The counterclaim of Columbia in Adversary Case No. 81–0306–BKC–JAG–A is hereby dismissed without prejudice.

3. The court reserves jurisdiction to consider and rule upon any appropriately filed motion for attorneys fees and costs.