CLARK, Chief Judge:
Explorer Drilling Company (Explorer) appeals a judgment of the bankruptcy court that the lien asserted by Explorer against bankruptcy estate property of Martin Exploration Company (Martin) was secondary to an unrecorded vendor’s privilege under Louisiana law and that the automatic stay should continue in effect. We affirm.
I
On or about March 25, 1982, Superior Supply Company (Superior) sold casing pipe to Martin. Superior delivered the pipe to the Juban Number 1 well site in East Baton Rouge Parish, Louisiana. Superior received no payment on the account and did not record its vendor’s privilege.
On July 16, 1982, Martin filed for relief under Chapter 11 of the Bankruptcy Code. On August 12, 1982, by mutual agreement of Martin and Explorer, the pipe, which had never been incorporated into a well, was moved to a storage yard owned by Aztec Corporation in Lafayette, Louisiana, and the pipe remains stacked there today.
Explorer had furnished labor and materials to Martin in connection with the well site. On October 21, 1982, Explorer filed an adversary proceeding in the bankruptcy court, seeking to lift the automatic stay so that it could foreclose on the pipe to satisfy its secured materialmen’s lien under La. Rev.Stat.Ann. § 9:4862. Superior intervened in the action, alleging that its vendor’s privilege under La.Rev.Stat.Ann. § 9:4864 primed Explorer’s lien. The bankruptcy court found that Superior had a valid vendor’s privilege, even though Superior had failed to record it. The court ruled that Superior’s vendor’s privilege primed the lien asserted by Explorer and that the automatic stay remained in effect. Pursuant to 28 U.S.C. § 1293 and upon agreement of all parties to this litigation, the judgment of the bankruptcy court was appealed directly to this court.
II
Under Louisiana law, the vendor of movable property has a privilege on the property over other creditors of the vendee, if the property remains in the vendee’s possession as movable property. La.Civ. Code arts. 3217(7) and 3227. That privilege entitles the vendor to be preferred before other creditors. See La.Civ.Code art. 3186. Because it arises as a matter of law, the vendor’s privilege need not be recorded, unless a statute so requires. Matter of Tape City, U.S.A., Inc., 677 F.2d 401, 403 (5th Cir.1982); H & H Transportation Co. v. Owens, 214 La. 985, 39 So.2d 441, 444 (1949); Arenson International, Inc. v. Shelving Systems Corp., 369 So.2d 1212, 1216 (La.App. 2d Cir.1979).
The vendor’s privilege on immovable property, on the other hand, must be recorded to be effective against third persons. Cristina Inv. Corp. v. Gulf Ice Co., 55 So.2d 685, 690 (La.App. 1st Cir.1951). See La.Civ.Code art. 3274. Under this general rule, movable property remains subject to an unrecorded vendor's lien only so long as it retains its identity as a movable in the vendee’s possession.
Under Chapter 2 (“Privileges on Immovables”), Title XXI of the Civil Code —Ancillaries, special rules govern privileges on oil, gas, and water wells. Section 9:4864 states in pertinent part:
As to movable property the vendor’s privilege must exist and be filed for *1212 record within seven days after the property subject to the vendor’s privilege is delivered to the well or wells. The vendor’s privilege shall be evidenced by a written instrument signed by the purchaser and when authentic in form or duly acknowledged, shall be filed for record in the records of the parish where the well or wells is [sic] located. The effect of filing shall prevent the movables from becoming immovable by nature or destination.
Explorer urges that this statutory provision overrides the general rule regarding the effectiveness of an unrecorded vendor’s lien against third parties. There is nothing in the statute to support this contention. Under Section 9:4864, the vendor’s privilege “must exist” before it is recorded. This adds nothing to an existing vendor’s privilege under Civil Code articles 3217(7) and 3227, which confer a valid vendor’s preference where property retains its movable character in vendee’s possession. There is no indication that Section 9:4864 intended to make filing necessary to perfect an otherwise inchoate vendor’s preference. Rather, Section 9:4864 clearly states only that “the effect of filing shall prevent the movables from becoming immovable by nature or destination.” The statute does not purport to divest the vendor of the preference that otherwise would attach to the vendor’s privilege that arises under articles 3217(7) and 3227. By providing a means for the vendor of movables to a vendee in the well business to avoid losing its preference due to movable property becoming immovable, Section 9:4864 does no more than extend the protection available to unpaid vendors under the general rule of vendors' privileges.
Explorer relies on Pertuit v. Angelloz, 164 So.2d 125 (La.App. 1st Cir.1964) as interpreting § 9:4864 to preempt the general rule of vendor’s privileges with respect to oil, gas, and water wells. The question in Pertuit was the merchantability of title to pipe that the plaintiff had bought from Bethlehem Steel Company and for which payment had not been made. The pipe had been installed in a well. The defendants refused to honor an alleged agreement to purchase the pipe from the plaintiff on the grounds that numerous creditors’ liens had been filed against the property, including a vendor’s lien that the plaintiff himself had filed on behalf of Bethlehem Steel. The court held that the plaintiff could not convey merchantable title to the pipe because of the liens. In reaching this result, the court rejected the plaintiff’s argument that the lien which he had filed on behalf of his vendor primed the other liens and cleared the title.
The Pertuit court stated: “LSA-R.S. 9:4861 through 9:4867 provides for liens for labor done and supplies furnished in connection with oil, gas and water wells, and requires registry in order to preserve the vendor’s lien.” 164 So.2d at 130. This statement in Pertuit was clearly dicta. The issue of which of the liens had preference was not essential to the holding that the plaintiff could not provide merchantable title. Moreover, the decision does not make clear whether the pipe, which had been and remained installed in the well site, had become immovable property, hence outside the general rule of vendors’ privileges. We are not persuaded that this dicta in Pertuit should permit § 9:4864 to preempt the general rule of vendors’ privileges as to property associated with oil, gas, and water wells in every circumstance and for all purposes. Rather, we base our decision on the plain language of the statute, which does not permit such an interpretation.
Ill
Under the Bankruptcy Code, 11 U.S.C. § 545, a bankruptcy trustee “may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... (2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser____”
Explorer argues that Superior could not enforce its lien, because under Louisiana law a vendor’s privilege is enforceable only if the vendee retains possession. Martin *1213 did not retain possession of the casing. Therefore, Explorer argues, the vendor’s privilege was invalid and null in the bankruptcy proceeding.
This question is settled in Superior’s favor by Matter of Tape City, USA, Inc., 677 F.2d at 403 (construing Louisiana law), which held that loss of the vendor’s privilege upon loss of possession by the vendee occurs only if the vendee actually sells title to the goods. See In re Trahan, 283 F.Supp. 620 (W.D.La.1968), affd, on opinion below, 402 F.2d 796 (5th Cir.1968), cert. denied sub nom. Bernard v. Beneficial Finance Co., 394 U.S. 930, 89 S.Ct. 1189, 22 L.Ed.2d 459 (1969).
IV
Under 11 U.S.C. § 362(e),[1] an automatic stay terminates thirty days after a request for relief from the stay, “unless the court, after notice and hearing, orders such stay continued in effect pending, or as a result of, a final hearing ____” This statutory scheme creates two options to avoid automatic termination of the stay. (1) A final hearing may be held and the order entered within 30 days of the request for relief. (2) A preliminary hearing may be held within thirty days of the request for relief. Under this second option, the stay is provisionally continued if the court finds that there is a reasonable likelihood that the party opposing relief from the stay will prevail. See 11 U.S.C. § 362(e)(1). In that case, the final hearing must be commenced within thirty days after the preliminary hearing. Id. at § 362(e)(2). Under Interim Bankruptcy Rule 4001,[2] if the court does not determine to continue the stay within thirty days after the final hearing, the stay expires. See Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982); 2 Collier on Bankruptcy ¶ 362.08 (15th ed. 1981).
On October 21, 1982, Explorer filed its request for relief from the stay. On November 12, 1982, the final hearing was conducted. The bankruptcy court did not render a decision until December 12, 1982, and did not enter judgment until December 21, 1982.
Because there was no preliminary hearing with attendant findings as to Superior’s probability of success, which would have operated to extend the time for a final hearing and entry of judgment as described above, the automatic stay terminated with respect to Explorer 30 days from October 21, 1982, to wit, on November 23, 1982.
*1214 The plaintiffs argue .that Interim Rule 4001 operated to extend until 30 days after the November 12 final hearing the time for the court to act upon the request for relief. This argument is without merit. By its terms, Interim Rule 4001 is operable only when a “final hearing is commenced pursuant to § 362(e)(2),” after a preliminary hearing and a finding that the party opposing relief is likely to prevail.
Termination of the automatic stay, however, had no practical effect on the bankruptcy court’s authority to exercise control over this property since it remained within the bankrupt’s estate. Hence the bankruptcy court’s order remains a valid adjudication of the relative lien rights of Superior and Explorer with respect to the property. The res judicata effect of that adjudication will have to await determination in later proceedings.
The bankruptcy court also ruled that the § 362 automatic stay had remained in effect during the pendency of these proceedings and ordered that it remain in full force and effect pursuant to 11 U.S.C. § 362 and 11 U.S.C. § 105. Although we have determined that the automatic stay in fact terminated with respect to Explorer, we find that the court's attempted continuation of the automatic stay amounted to the issuance of a new stay, which is within the bankruptcy court’s authority under 11 U.S.C. § 105(a). See In re Sandmar Corp., 16 B.R. 120 (Bkrtcy.D.N.M.1981); In re Walker, 3 B.R. 213, 6 B.D.C. 161 (Bkrtcy.W.D.Va.1980); In re Feimster, 3 B.R. 11, 6 B.C.D. 131 (Bkrtcy.N.D.Ga.1979).
For the foregoing reasons, the decision of the bankruptcy court is
AFFIRMED.

. 11 U.S.C. § 362(e) provides:
Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—
(1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final hearing under subsection (d) of this section; and
(2) such final hearing shall be commenced within thirty days after such preliminary hearing.

. Interim Rule 4001 provides:
The stay of any act against property of the estate under § 362(a) of the Bankruptcy Code expires 30 days after a final hearing is commenced pursuant to § 362(e)(2) of the Code unless within that time at or after the final hearing the court determines that the stay be continued.
The note to Interim Rule 4001 explains the interaction of the rule with the statute:
Subdivision (a) of the rule fills a procedural void left by § 362 of the Code. Pursuant to § 362(e), the automatic stay is terminated 30 days after a request is made for relief unless the court continues the stay as a result of a final hearing or, pending final hearing, after a preliminary hearing. If a preliminary hearing is held, § 362(e) requires the final hearing to be commenced within 30 days after the preliminary hearing. Even though the expressed legislative intent is to require expeditious resolution of a secured party’s request for relief, § 362 is silent as to the time within which the final hearing must be concluded. Subdivision (a) imposes a 30-day deadline on the court to resolve the dispute.