### SUNBELT SAVINGS ASSOCIATION OF TEXAS

v.

### Tim TRUMAN, Trustee for Ming Yu Pannell.

### Civ. A. 4-88-17-E.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 30, 1988.

---

James V. Roberts, Moore & Peterson, Dallas, Tex., for plaintiff.

Tim Truman, Fort Worth, Tex., trustee.

Ming Yu Pannell, Arlington, Tex., pro se.

## ORDER

MAHON, District Judge.

Now before the Court is Sunbelt Savings Association of Texas' appeal of the Bankruptcy Court's Order denying Sunbelt's motion to modify the automatic stay. Ming Yu Pannell has filed a brief in response. After a thorough review of the issues, the Court makes the following decisions.

## FACTS

Ming Yu Pannell filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 2, 1987. On May 6, 1987, Sunbelt filed a Motion to Modify the Automatic Stay to allow it to foreclose on the South Campus Apartments located in Arlington, Texas. On June 9, 1987, the Bankruptcy Court appointed a Trustee. The final hearing on the motion filed by Sunbelt was not heard until October 19, 1987. During the hearing, the Trustee indicated that he was in the process of formulating a plan of reorganization and he outlined the plan which he was going to file. The Trustee specifically stated "that it is my opinion a Plan of Reorganization is possible. It's possible within a very short time from today...." [1] The Bankruptcy Court denied

---

1. The Court notes that the Trustee still has not filed a proposed plan of reorganization over 15 months after this case was filed and over 8 months after the Trustee represented to the Bankruptcy Court that a proposed plan would be submitted within a "very short time."

The Appellate Courts, as well as this Court, have voiced a concern that the secured creditors

Sunbelt's motion to modify the Stay without explanation of its reasoning.

## DISCUSSION

■ Section 362(d) of the Bankruptcy Code allows a party in interest to request a modification of the automatic stay. As stated above, Sunbelt requested such relief on May 6, 1987. Section 362(e) of the Code provides that the stay is terminated as to the party seeking relief 30 days after the request for relief if the Bankruptcy Court does not order the stay continued. The Bankruptcy Court did *not* enter an Order continuing the stay within 30 days of May 6, 1987 and, therefore, the stay was terminated on June 5, 1987.

The Bankruptcy Court did have a hearing on the motion to lift stay on October 19, 1987. The Bankruptcy Court denied the motion orally during the hearing on October 19, 1987. The Bankruptcy Court entered a written Order to that effect on November 16, 1987.

■ "Once lifted, stay cannot be reimposed by bankruptcy court under § 362." *Browning v. Navarro*, 743 F.2d 1069, 1084 (5th Cir.1984) (citing *In re Stuart Motel, Inc.*, 15 B.R. 28 (Bankr.S.D.Fla.1981)). Therefore, the Bankruptcy Court could not enter an order continuing the stay against Sunbelt after June 5, 1987 because the stay was terminated as to Sunbelt on that day.

The Bankruptcy Court did not have authority under section 362 to continue the stay in this case.

■ After a stay is lifted it may be reimposed under section 105 and Rule 65 of the Federal Rules of Civil Procedure through Rule 7065 of the Federal Bankruptcy Rules. *In re Martin Exploration Co.*, 731 F.2d 1210, 1214 (5th Cir.1984); *In re Sandmar Corp.*, 16 B.R. 120, 123 (Bankr.D.N.M. 1981); *In re Walker*, 3 B.R. 213, 214 (Bankr.W.D.Va.1980). The stay is an injunction and, therefore, the four requirements for an injunction must be satisfied: substantial likelihood of success on the merits; irreparable harm to the movant; harm to the movant outweighs the harm to the nonmovant from denying the injunction; the injunction does not violate the public interest. H.R.Rep. No. 595, 95th Cong., 1st Sess. 342 (1977), U.S.Code Cong. & Admin.News 1982, pp. 5787, 6298–6299; *Matter of Electronic Theatre Restaurants*, 53 B.R. 458, 461–62 (N.D.Ohio 1985).

■ The Bankruptcy Court made its ruling under section 362, and not under section 105. Accordingly, the Bankruptcy Court's Order of November 16, 1987 is vacated and the case is remanded to the Bankruptcy Court for further proceedings consistent with this Opinion.

---

were not obtaining the *prompt* relief which the revisions in the bankruptcy laws in 1978 were intended to provide. *In re Timber of Inwood Forest*, 793 F.2d 1380, 1405 (5th Cir.1986); *In re: Abrams Square Associates Limited Partnership*, 95 B.R. 51 (N.D.Tex.1988). Reorganization is not a Holy Grail the pursuit of which justifies a prolonged restriction on a secured creditor's right to foreclose. *In re Timbers of Inwood Forest*, 808 F.2d 363, 374 (5th Cir.1987) (en banc) (Clark, J., concurring).

The Bankruptcy Code is set up so that a secured creditor's rights under state law to foreclose upon the nonpayment of a debtor are minimally constrained when the debtor files a petition in bankruptcy. *Id.* at 1393. A secured creditor's rights do not vanish upon the filing of bankruptcy. The debtor is protected by the automatic stay which triggers upon the filing of the petition (11 U.S.C. § 362). The creditors also are protected by the expedient review allowed under section 362(d) for a lifting of the stay. For instance, the burden is on the debtor

(11 U.S.C. § 362(g)(2)) to prove under section 362(d)(2) that there is a "reasonable prospect for a successful reorganization within a *reasonable time.*" *Id.* at 371.

One could seriously question whether a successful reorganization is possible within a reasonable time in this case since the case has been on file for 15 months and no proposed plan of reorganization has been filed with the Bankruptcy Court. This case may well be within "the majority of single-asset real estate cases filed today" where "the debtor cannot reasonably be expected to file a confirmable plan within a reasonable time." Bacon, *Representation of Secured Creditors In Real Estate Chapter 11 Cases*, Tex. B.J., Jun. 1988 at 622, 624 (citing *In re Timber*, 808 F.2d at 373 n. 17). If the case is one of the majority, then it is time to allow the secured creditor to obtain the benefit of its bargain. *Id.* at 1397. In other words, the secured creditor, Sunbelt, should be allowed to foreclose since Pannell has failed to repay its loan according to the terms of the note. *Id.*