The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**

v.

**RYAN PLACE JOINT VENTURE.**

Civ. A. No. 4–88–481–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 27, 1988.

Judith Weaver Ross, Thompson & Knight, Dallas, Tex., for Prudential Ins. Co. of America.

James C. Gordon, Law, Snakard & Gambill, Fort Worth, Tex., for Ryan Place Joint Venture.

## MEMORANDUM OPINION

MAHON, District Judge.

Now before the Court is the appeal of Prudential Insurance Company of America from an Order of the U.S. Bankruptcy Court, to which Appellee Ryan Place Joint Venture has responded. After a hearing and thorough review of the issues and applicable law, the Court makes the following determination.

## FACTS

The facts in this case are undisputed. Respondent, Ryan Place Joint Ventures ("Ryan Place"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on February 29, 1988. On May 19, 1987, the Prudential Insurance Company of America ("Prudential"), moved the Bankruptcy Court for relief from the automatic stay imposed by Section 362[1] so that Prudential could foreclose on it's security interest in the Meadow Run Apartments. On June 20, 1988, the parties were scheduled for a hearing on the motion for relief from the stay and both parties appeared and were ready to present their case to the Bankruptcy Court. The Judge of the Bankruptcy Court did not appear at docket call, rather, his law clerk

appeared and announced that the motion would not be heard on that day. However, the Judge did enter an order continuing the automatic stay until a final hearing could be held on the matter. It is this June 20, 1988 order from which appeal is taken.

## DISCUSSION

A creditor may obtain relief from the automatic stay imposed by Section 362 by filing a request with the bankruptcy court.[2] Thereafter, the burden is on the debtor to obtain a final hearing on the matter within 30 days of the creditor's motion or the stay terminates under operation of law.[3] *In re River Hills Apartments Fund,* 813 F.2d 702 (5th Cir.1987); *In re Corner Pockets of the Southwest, Inc.,* 85 B.R. 559 (Bankr.D.Mont.1988). Appellant contends that the stay terminated by operation of law on Saturday, June 18, 1988, thirty days after the filing of the motion to lift stay. This contention is simply without merit. The Court directs Appellant's attention to Bankruptcy Rule 9006, applying Federal Rule of Civil Procedure 6 for time computations under the Bankruptcy Code. June 18th was a Saturday, therefore the deadline for obtaining a final hearing was not until Monday, June 20, 1988. Thus, the stay did not terminate by operation of law on June 18, 1988.

Appellant next argues that the stay terminated on June 20, 1988 under 11 U.S.C. § 362(e), for two reasons: (1) because no evidence was presented to justify a continuation of the stay pending a final hearing

1. When referring to the Bankruptcy Code, 11 United States Code, the Court will simply make reference to the section numbers of the Code.

2. 11 U.S.C. § 362(d). On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... for cause ..., or with respect to a stay of an act against property ... if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

3. 11 U.S.C. § 362(e). Thirty days after a request under subsection (d) of this section for relief from the stay ... such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect

pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing.

and (2) because no hearing was ever held. Section 362(e) allows for two instances in which a bankruptcy judge may continue the stay and thereby temporarily avoid the automatic termination provisions of the statute. After notice and a hearing, the bankruptcy court may order the stay continued (1) pending the conclusion of a final hearing, or (2) in a preliminary hearing, if a final hearing is brought within 30 days of the preliminary hearing. If the court orders the continuation of the stay, it must also make a finding of a reasonable likelihood that the party opposing relief will prevail at the conclusion of the final hearing. Thus, if the court is to continue the stay under the provision of Section of 362(e), it must conduct a hearing[4] and it must find a reasonable likelihood that the party opposing relief from the stay will prevail. If the court does not continue the stay, then by the terms of the statute, the stay terminates 30 days after the request is made, "even if the court fails to hold a hearing, whether its failure to do so results from the parties' failure to importune the court—due to their own inadvertence or to the absence of a dispute—or from the court's own inadvertence." *In re River Hills*, at 707.

The stay had not terminated on June 20, therefore the Bankruptcy Court would have been acting within its Section 362 authority to continue the stay on that day, *provided* it commenced a hearing. However, the court *never* held a hearing[5] and made no finding that the party opposing relief was likely to prevail at a final hearing. Although the court entered an order continuing the stay on June 20, the order had no effect because the court failed to comply with the hearing and findings

requirements of Section 362(e). *In re Marine Power Equipment Company, Inc.*, 71 B.R. 925 (W.D.Wash.1987).

This case presents a difficult situation because neither party was "at fault." The creditor filed its request for relief to which the debtor obtained a timely setting for a hearing and both parties appeared and were ready to present their case to the Bankruptcy Judge. Unfortunately for the debtor, however, lack of fault has nothing to do with the self-executing provisions of Section 362. This Court is not unaware of the onerous docket of the Bankruptcy Court. However, the provisions of the Code are mandatory and do not account for the hardships that such a docket might create.[6] As previously mentioned, the burden of obtaining a hearing rests on the debtor and, "although the Bankruptcy Code imposes a duty upon the court to act within the appropriate time limit, it is the debtor's burden to call the issue to the court's attention if it desires that the stay be continued." *River Hills* at 707; *see, In re Feimster*, 3 B.R. 11 (Bankr.N.D.Ga. 1979).

This Court finds that the stay terminated under Section 362(e), as a matter of law, on June 21, 1988. *In re Corner Pockets*, 85 B.R. 559; *In re Marine Power & Equipment*, 71 B.R. 925; *In re Sandmar Corp.*, 16 B.R. 120 (Bankr.D.N.M.1981) (the statute imposes a duty on the court to act within the time periods. If the court does not act, the stay terminates by its own terms).

Appellee argues that the Bankruptcy Court had authority to enter the order continuing the stay without a hearing under Section 102.[7] The Fifth Circuit has upheld

---

4. Except in very limited situations, the court must hold a hearing on matters affecting the stay. The hearing requirements are discussed more fully in the text of this opinion.

5. The Bankruptcy Court issued an "order regarding requested relief from the automatic stay and setting hearing thereon" dated June 2, 1988. The order stated, "The hearing will be a FINAL hearing under § 362(d) of the Bankruptcy Code." The Bankruptcy Court's own characterization of the hearing has little bearing on the

substantive issues presented by this appeal given that no such hearing ever occurred.

6. *In re Looney*, 823 F.2d 788 (4th Cir.) *cert. denied*, —— U.S. ——, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987).

7. Under Title 11, "after notice and a hearing" means: after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but authorizes an act *without* an actual hearing if such notice is

the actions of a bankruptcy court where the court acted without a hearing in the case of *In re River Hills Apartments Fund*, 813 F.2d 702 (5th Cir.1987). In *River Hills*, the Bankruptcy Court allowed the secured party to post a notice of foreclosure sale in order to meet the state law requirements for such a sale in the event that the stay was ultimately lifted. At the same time, the court specifically provided that the creditor could not foreclose on the property until after a final hearing was held on that issue. The Fifth Circuit determined that, under the circumstances, Section 102 did not require the court to hold a hearing before allowing the notice to be posted. Appellee would have this Court treat the hearing scheduled for June 20, 1988 on the motion to lift the automatic stay as an administrative procedure not requiring a hearing. Such treatment by this Court would directly contravene the dictates of Section 362. The difference between the act of posting a possible foreclosure sale and of continuing the automatic stay is readily apparent. The continuance of the automatic stay directly affects the substantive rights of the parties and acts as an injunction on the rights of a secured creditor. It is not merely an administrative matter as Appellee suggests. Moreover, the Bankruptcy Court below never made the required determination that the debtor would likely prevail at a final hearing. As the Fourth Circuit stated in *In re Looney*, 823 F.2d 788, 792 (4th Cir.) *cert. denied,* — U.S. ——, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987), "the statute (§ 362)

> given properly and if such a hearing is not requested timely by a party in interest; or there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act. 11 U.S.C. § 102(1), *emphasis added.*

**8.** 11 U.S.C. § 105(a). The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

contemplates that 'notice and a hearing' requires an actual hearing in all but exceptional cases. Even in those exceptional cases, the bankruptcy court must make a determination that the party opposing the motion is reasonably likely to prevail on the merits."

Appellee also suggests that the Bankruptcy Court's order continuing the stay is a valid exercise of its authority under Section 105.[8] A bankruptcy court may, under the "necessary or appropriate" provision of Section 105, reinstate an automatic stay which has terminated. *See In re Martin Exploration Company*, 731 F.2d 1210 (5th Cir.1984); *In re Sandmar Corp.*, 16 B.R. 120 (Bankr.D.N.M.1981). However, the authority bestowed by Section 105 is not to be operated as a vehicle by which to circumvent the edicts of Section 362. The Fourth Circuit addressed this very issue in *In re Looney*, 823 F.2d 788 "the actions of this bankruptcy court, purportedly acting under § 362(e), cannot be countenanced on the basis of the powers granted in § 105(a)." This Court finds that the Bankruptcy Court was acting under Section 362, not Section 105. The Bankruptcy Court did not purport to be acting within its Section 105 authority and it made no findings necessary to continue the injunctive effect of the stay under Section 105.[9]

Accordingly, the Bankruptcy Court's order of June 20, 1988 is hereby VACATED.

**9.** The continuation or reinstatement of the automatic stay under Section 105 is a form of injunctive relief and is therefore governed by the traditional requirements for granting of preliminary injunctions: (1) a strong or substantial probability of success on the merits; (2) irreparable injury to the movant if the injunction does not issue; (3) the issuance of the preliminary injunction will not cause substantial harm to others; and (4) the public interest will best be served by issuing the preliminary injunction. *Matter of Johns–Manville Corp.*, 26 B.R. 405 (Bankr.S.D.N.Y.1983); *see also, Sunbelt Savings Association of Texas v. Truman*, 95 B.R. 55 (N.D.Tex.1988); *In re Electronic Theatre Restaurants Corp.*, 53 B.R. 458 (N.D.Ohio 1985).